UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW SHALABY, an individual, and <br> SONIA DUNN-RUIZ, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> NEWELL RUBBERMAID, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. C 06 7026 CW <br><br><br><br> PROTECTIVE ORDER |

This matter came before the Court upon the stipulation of the parties for the entry of a protective order concerning the proprietary and confidential information of the Defendant Bernzomatic, an unincorporated division of Irwin Industrial Tools, Inc. ("Bernzomatic"), the public release of which, during discovery, could harm Bernzomatic's position in the marketplace. Upon agreement of the parties, by indication of the signature of their counsel below, the Court enters the following Protective Order:

In order to preserve and maintain the confidentiality of certain documents to be produced by Bernzomatic in the above-captioned action or otherwise made available by Bernzomatic it is hereby ORDERED that:

1. Documents to be produced by Bernzomatic during discovery in this litigation contain trade secrets and other confidential research, development and commercial information of Bernzomatic. These documents are hereafter referred to as "Protected Documents." Except as otherwise indicated below, all documents that Bernzomatic has designated as "Confidential" or "Subject to Protective Order" that are produced by Bernzomatic to, or otherwise obtained by

plaintiffs or their respective attorneys, consultants, agents or experts in this action shall be Protected Documents and given confidential treatment as described above.

2. Protected Documents shall <u>not</u> include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any government entity without request for confidential treatment.

3. Bernzomatic shall only designate materials as "Protected Documents" which contain actual "trade secrets" as defined by California Civil Code § 3426.1(d), and which are of a proprietary business or technical nature that might reasonably pose a commercial disadvantage or reasonably be of value to a competitor or potential customer of Bernzomatic. Absent a specific order by the Court, once designated as a "Protected Document", such document shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as otherwise provided herein.

4. If Plaintiffs contend that any document has been erroneously designated for treatment as a Protected Document, they shall nevertheless treat the document as a Protected Document unless and until plaintiffs either (a) obtain Bernzomatic's written permission to do otherwise, or (b) obtain an Order of this Court finding that the document is not a Protected Document.

5. Except with the prior written consent of Bernzomatic or upon further Order of this Court, Plaintiffs or their representatives shall show Protected Documents, and shall disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons"):

    a) Plaintiffs themselves;

    b) Plaintiffs' counsel of record in this action;

  c) Employees of Plaintiffs' counsel whose assistance is needed by counsel for the purposes of this litigation, including but not limited to trial of this action;

  d) Independent experts and consultants retained by Plaintiffs counsel for assistance in this case, including for purposes of preparing for trial, pleadings and motions to be filed with the Court, settlement conferences, mediations, and court ordered proceedings;

  e) the Court;

  f) court reporters employed in connection with this action;

  g) graphics or design services retained by counsel for plaintiffs for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

  h) non-technical jury or trial consulting services retained by counsel for plaintiffs;

  i) executives, officers, directors, employees and representatives of Bernzomatic or any affiliated business entity, and/or any person designated to testify at deposition on Bernzomatic's behalf pursuant to Federal Rule of Civil Procedure 30(b)(6); and

  j) any other person upon order of the Court or upon prior written consent of Bernzomatic.

  6. Before being given access to any Protected Document, each Qualified Person to whom Plaintiffs or their representatives intend to deliver, exhibit or disclose any Protected Document or material contained therein shall be advised of the terms of this Order, shall be given a copy of this Order and shall agree in writing in the form attached hereto as Exhibit A, to

be bound by its terms.  Counsel for Plaintiffs shall maintain a list of all Qualified Persons to whom any Protected Document or material contained therein is provided, and that list shall be available for inspection by the Court.

7.  Plaintiffs' counsel shall keep records of all copies of each Protected Document distributed, in whole or in part, to Qualified Persons.  Any copy so distributed shall be returned to counsel for Plaintiffs after the completion of the Qualified Person's consultation or representation in this case.

8.  To the extent that any Protected Document or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information.  Any time any Protected Document is used in any deposition, the reporter will be informed of this Order by Counsel for Plaintiffs and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

9.  All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the words "Subject to Protective Order" and a statement substantially in the following form:

This envelope is sealed and contains information filed in this case "Subject to a Protective Order by [name of party] and is not to be opened or the contents thereof displayed or revealed except by Order of the Court or pursuant to written stipulation of the parties to this

action. This envelope or container shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

10. Promptly after the conclusion of this action, all Protected Documents, all copies thereof and all excerpts therefrom shall be returned to counsel for Bernzomatic.

11. Plaintiffs, their counsel, and experts or any other person retained by Plaintiffs to assist in the preparation of this action shall not under any circumstances sell, offer for sale, advertise, or publicize either the contents of the Protected Documents or the fact that Plaintiffs have obtained Bernzomatic confidential documents.

12. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. But see Local Rule 79-5.

Dated: 2/27/07

_____
JUDGE

AGREED TO BY:

_____
Mark D. Epstein
Attorney for Plaintiff


_____
J. Phillip Moorhead
Attorney for Defendant

## EXHIBIT A

I, _____, do hereby acknowledge that I have read a copy of the attached Protective Order, and I agree to be bound by the terms of the order.

Dated this _____ day of _____, 2007.

Signed by:

_____

_____
(PRINT NAME)